**James E. RAY, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant.**

**Civ. A. No. 81-3113.**

United States District Court, District of Columbia.

Sept. 17, 1982.

James E. Ray, pro se.

John S. Martin, Jr., U.S. Atty., New York City, for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This case is before the Court on Cross Motions for Summary Judgment. For the reasons set forth herein, both Motions shall be granted in part.

## BACKGROUND AND ANALYSIS

Plaintiff has filed numerous requests under the Freedom of Information Act ("FOIA") 5 U.S.C. § 552 and the Privacy Act ("PA") 5 U.S.C. § 552a, for information which he claims will exculpate or tend to exculpate him in the killing of Dr. Martin Luther King. Seven specific requests are at issue in this suit. The requests will be considered in chronological order.

■ On October 15, 1979 plaintiff requested access to (a) the police files pertaining to individuals who threatened the life of Dr. King; (b) information related to the police investigation of the killing; and (c) material classified under Executive Order 11652. This material is the same information that was held to be exempt from disclosure under FOIA in *Lesar v. Department of Justice*, 455 F.Supp. 921 (D.D.C.1978) *aff'd* 636 F.2d 472 (D.C.Cir.1980). Plaintiff acknowledges this fact in paragraph 3 of his complaint where he states: "The plaintiff requested the release to him of all documents not released to Lesar." But, a District of Columbia District Court, in a decision affirmed by the Court of Appeals, has already determined that the documents plaintiff seeks are exempt from disclosure. Thus, under the doctrine of stare decisis the Court need not consider the question anew.

■ On October 25, 1979 plaintiff requested, under the PA, the names and addresses of persons requesting information about him and a description of the information given to them. In response, the FBI released all of the information requested excepting only the addresses of three of the requesters. The three individuals for whom addresses were released were all "institutional users." By contrast, the three parties whose addresses were withheld were private individuals and the government argues that their rights to personal privacy would have been violated if their addresses had been released. The Court disagrees with the defendant on this point. The PA gives plaintiff a right to records kept by the government on persons requesting information about him. 5 U.S.C. § 552a(c)(3). Defendant is unable to cite a specific exemption that justifies non-disclosure of this information. Thus, although defendant's concern about possible harassment of these individuals may be legitimate, the Court concludes that the PA requires disclosure of their addresses.[1]

■ In plaintiff's third request, on March 13, 1979, he sought access to all files concerning Percy Foreman, Esquire.[2] The Department of Justice ("DOJ") Criminal Division conducted a search of its records and informed plaintiff that the index indicated that there was one file answering this description, however, that file could not be located. Consequently, there is no information being withheld, rather, the information plaintiff seeks is missing. Moreover, the Court finds that should the defendant locate such file or files, the plaintiff is not

entitled to receive them. The PA provides that information such as that which plaintiff seeks may not be disclosed unless the individual about whom the information is concerned authorizes such disclosure. 5 U.S.C. § 552a(b). Mr. Foreman has not consented to release of this information. Additionally, FOIA exemption 6 prevents release of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). *See also,* 5 U.S.C. § 552(b)(7)(C) (investigatory records exempt from disclosure if release would constitute an unwarranted invasion of personal privacy). Release of the information that plaintiff requests would constitute just such an invasion of privacy. The information is thus exempt from disclosure.[3]

Plaintiff's request was also directed to the Executive Office of the United States Attorney ("EOUSA"). That office advised plaintiff that it would not even confirm or deny the existence of the material plaintiff requested absent a waiver from Mr. Foreman. As previously noted, Mr. Foreman did not provide such a waiver. Thus, in accordance with the analysis set forth above, the Court finds that the defendant acted properly in dealing with plaintiff's third request.

In a letter dated May 2, 1980, plaintiff made his fourth request. He petitioned for access to certain documents of the Special Task Force reviewing the events surrounding the King assassination. The defendant properly denied this request that it was duplicative of plaintiff's October 15, 1979

1. Additionally, the Court is not convinced that an individual seeking information about another, who must disclose his name and address in order to obtain that information, has a privacy interest in not having his name and address released to the person that is the subject of his inquiry.

2. Mr. Foreman had been the plaintiff's attorney.

3. Plaintiff further alleges that there is a "public interest" in information that may exculpate him that is so strong as to outweigh the privacy interests of Mr. Foreman and Congressman Stokes. *See* p. 229 *supra* re plaintiff's seventh

request dealing with information about Congressman Stokes. In support of this proposition he cites *Ferri v. Bell,* 645 F.2d 1213 (3d Cir.1981). However, *Ferri,* is of little guidance here. The Court in *Ferri* concluded only that "a FOIA request for material implicating the *Brady* rule simultaneously advances an 'indirect public purpose.'" *Id.* at 1218. There is no *Brady* problem in this case. Furthermore the Court is not convinced that plaintiff proffers a public interest sufficiently strong to outweigh the privacy rights of Messrs. Stokes and Foreman.

request and sought documents already determined to be exempt from disclosure in *Lesar, supra.*

■ Plaintiff's fifth request, on January 15, 1981 sought access to records relating to the efforts of the State of Tennessee to transfer him to federal custody. Plaintiff contends that his requests "were never answered substantially." The Court holds that the defendant responded to plaintiff's request to the full extent required by law. Plaintiff's request was forwarded to a number of different government offices. The first of these, the Criminal Division of the DOJ informed plaintiff that it had no records responsive to his request. The second office, EOUSA, referred the petition to the Office of the Attorney General and the Bureau of Prisons. The Office of the Attorney General released all relevant documents. The Bureau of Prisons released all documents except one. Upon *in camera* inspection the Court finds that the document that was withheld was properly retained under FOIA exemption 5. 5 U.S.C. § 552(b)(5). The disputed document was a memorandum from the General Counsel to the Director of the Bureau of Prisons. As such, it is exempt from disclosure as attorney work product. *See Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 862 (D.C.Cir.1980).

Plaintiff's sixth request on April 20, 1981 sought access to documents pertaining to DOJ representation of Conrad Baetz in *Ray v. United States Department of Justice,* C.A. No. 80–0963 (E.D.Miss.) Both the EOUSA and the Civil Division of the DOJ—the agencies to which the request was referred—made full disclosure of all documents responsive to the request.

■ Plaintiff made his seventh and final request on May 7, 1981, seeking access to a personal file concerning Congressman Louis Stokes.[4] The FBI informed plaintiff that the PA required written authorization from the individual whose file was requested before the file would be released. 5 U.S.C.

§ 552a(b). Because such authorization was not forthcoming, the FBI did not act further upon plaintiff's request. The Court holds that the FBI acted properly and lawfully in this regard.

■ In addition to plaintiff's specific allegations related to the delineated requests discussed above, Plaintiff's Motion for summary judgment alleges generally, that defendant has failed to provide accurate information as to the documents in its possession. Relying upon *Pratt v. Webster,* 508 F.Supp. 751 (D.D.C.1981) plaintiff contends that the Court should require the DOJ to submit an affidavit stating whether or not certain files contain information about plaintiff. However, plaintiffs reliance on *Pratt* is misplaced. The plaintiff in *Pratt* introduced sufficient evidence to "raise serious and sufficient enough doubts about bad faith to require an explanation." *Id.* at 764. In this case plaintiff has adduced no such evidence, and, therefore, the Court has no basis on which to require such a remedy.

Based upon the foregoing the Court finds that defendant properly handled all of plaintiff's request except that it improperly withheld the addresses of the three individuals who had requested information about plaintiff.

An order in accordance with the foregoing shall be issued of even date herewith.

## ORDER

Upon consideration of the parties' cross motions for summary judgment and the oppositions thereto, and, the entire record herein, and for the reasons set forth in the Memorandum Opinion in the above-captioned action of even date herewith, it is by the Court, this 15th day of September, 1982, hereby,

ORDERED that defendant shall disclose to plaintiff the addresses of the three individuals who had requested information about plaintiff that were withheld from plaintiff; and it is further,

---

4. Plaintiff is attempting to prove that Congressman Stokes was "pressured" into taking a public position supportive of the government's con-clusion in the investigation of the assassination of Dr. King.

ORDERED that in all other respects Plaintiff's Motion for Summary Judgment is denied; and it is further,

ORDERED that Defendant's Motion for Summary Judgment is granted in all parts not inconsistent with the foregoing; and it is further,

ORDERED that the complaint be, and the same hereby is, dismissed with prejudice.